UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THUYEN THE NGUYEN,

        Petitioner,        2:11-cv-01343-SU

          v.               FINDINGS AND
                               RECOMMENDATION
MARK NOOTH,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a judgment from the Multnomah County Circuit Court after convictions for two counts of Robbery in the First Degree with a Firearm. Following a guilty plea, the court sentenced petitioner to a total of 160 months of imprisonment.

    Petitioner did not directly appeal his convictions. He

1 - FINDINGS AND RECOMMENDATION

filed a petition for post-conviction relief in the Umatilla County Circuit Court. That PCR court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp. Ex. 138 - 142.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging two grounds for relief. In Ground One petitioner alleges: "The Oregon courts failure to enforce the petitioner's statutory speedy trial right to a trial within 90 days of petitioner's speedy trial request deprived the petitioner of Fourteenth Amendment due process of law." In Ground Two petitioner alleges "Trial counsel provided ineffective assistance, in violation of the Sixth Amendment, when he failed to provide proper notice of my speedy trial demand to the prosecutor." Petition (#1) p. 3-4.

Respondent now requests that the court deny relief on the grounds that Ground One presents a claim of state-law error only, and is not subject to review by this court, and is also procedurally defaulted. Respondent argues that Ground Two was denied in a reasonable state-court decision entitled to deference.

I. Ground One - Speedy Trial

ORS 135.760 - 135.765 generally provides that when an incarcerated defendant provides notice to the district attorney that he or she wants to be brought to trial

2 - FINDINGS AND RECOMMENDATION

"forthwith," the district attorney shall, subject to certain exceptions, bring the defendant to trial within 90 days.

In this case, the trial court denied petitioner's motion to dismiss on speedy trial grounds on the ground that the "speedy trial demand" did not comply with ORS 135.760. Resp. Ex 120B.

The trial court's determination of whether trial counsel complied with Oregon statutory requirements is not reviewable by this court. *See*, e.g. Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011) (*per curium*) (reiterating that "federal habeas corpus review does not lie for errors of state law"); Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In addition, even if Ground One could be construed as alleging a federal claim, petitioner did not fairly present the claim to the Oregon appellate courts and it is procedurally defaulted. *See*, O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Id.

Petitioner's claim in Ground One should be denied.

II. Ground Two - Ineffective Assistance of Counsel.

In Ground Two, petitioner alleges that trial counsel was ineffective "when he failed to provide proper notice of

3 - FINDINGS AND RECOMMENDATION

[petitioner's] speedy trial demand to the prosecutor." Petitioner argues: "Trial counsel included a speedy trial notice as the second part of a discovery request. The trial court indicated that it had never seen a demand included as part of another pleading. The trial court ruled that this notice to the prosecution was inadequate to put the prosecution on notice of [petitioner's] speedy trial demand." Petition (#1) p. 4.[1]

Petitioner raised this claim before the PCR court which rejected it, finding that trial counsel "vigorously represented petitioner by filing numerous motions [which] were denied by the court." The PCR court concluded that petitioner "fail[ed] to prove all other issues, or any prejudice." Resp. Ex. 137, p. 2.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

---

[1]Petitioner's characterization of the basis of the court's ruling is not strictly accurate. Although the trial court expressed concern about the manner in which counsel provided the prosecution with the speedy trial demand, it denied the speedy trial related dismissal motion on the motion's failure to state the name of the institution where petitioner was incarcerated, as required by ORS 135.760. *See*, Resp. Ex. 120B, audio recording of 7/24/07 motion hearing.

4 - FINDINGS AND RECOMMENDATION

"was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner

5 - FINDINGS AND RECOMMENDATION

may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

Here, the PCR court's decision rejecting petitioner's ineffective assistance claim is neither contrary to nor an unreasonable application of Strickland and is supported by the record and entitled to deference by this court.

The speedy trial request was included with a "Discovery

11 - FINDINGS AND RECOMMENDATION

Demand" and not filed as a separate document. However, the caption of the document included the title "REQUEST FOR A SPEEDY TRIAL PURSUANT TO ORS 135.760." Therefore, even though the request was submitted in a manner which the trial court found unusual, it was apparently served in accordance with the statutory requirement. As noted above, the court's ruling was based on the motion's failure to comply with a separate statutory requirement.[2]

Even if counsel's conduct with regard to the speedy trial request did not fall "within the wide range of reasonable professional assistance," *See,* Strickland, 466 U.S. at 689, I agree with the PCR court that petitioner failed to establish the prejudice prong of the Strickland test.

The evidence before the PCR court established that if trial counsel had filed the notice of request for speedy trial in a more conspicuous manner, the district attorney's office would have "ensured that petitioner was brought to trial within the time limit or waived the 90 day requirement." Resp. Ex. 128, pp. 1-2. In the alternative, the trial court could have granted a continuance "for good cause." ORS 135.763(2).

Under these circumstances, the PCR court's conclusion

---

[2] Respondent unconvincingly argues that this court should presume counsel "strategically" filed the speedy trial notice in a manner so as to cause the district attorney's office to "fail to discover and respond to the request," resulting in the dismissal of the petitioner's case.

12 - FINDINGS AND RECOMMENDATION

that petitioner failed to demonstrate prejudice resulting from his attorney's failure to file a "proper" speedy trial notice is not an unreasonable application of Strickland and is entitled to deference.

Petitioner's claim in Ground Two should be denied.

Petitioner's Petition (#1) should be DENIED.  The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

13 - FINDINGS AND RECOMMENDATION

/////

/////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this **24th** day of August, 2015.

/s/ *Patricia Sullivan*
Patricia Sullivan
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION