IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THUYEN THE NGUYEN**,<br><br>        Plaintiff,<br><br>    v.<br><br>**MARK NOOTH, Superintendent, Snake River Correctional Institution**,<br><br>        Defendant. | Case No. 2:11-cv-01343-SU<br><br>**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Anthony D. Bornstein, Federal Public Defender's Office, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorney for Plaintiff.

Samuel A. Kubernick, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorney for Defendant.

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on August 24, 2015. Dkt. 52. Judge Sullivan recommended that Petitioner's ("Nguyen") petition for habeas corpus be denied. Judge Sullivan further recommended that the Court find that Nguyen has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2) and deny a certificate of appealability.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Nguyen timely filed an objection (Dkt. 55), to which Respondent ("Nooth") responded (Dkt. 56). Nguyen objects to those portions of Judge Sullivan's recommendation finding that: (1) the post-conviction relief court's decision rejecting petitioner's ineffective assistance of counsel claim is neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and is supported by the record and entitled to deference; (2) the petitioner failed to establish the prejudice prong of the *Strickland* test and the post-conviction relief court's

PAGE 2 – OPINION AND ORDER

ruling to that effect was not unreasonable; (3) Nguyen's petition should be denied; and, (4) the *Strickland* claim is not appropriate for appellate review under 28 U.S.C. § 2253(c)(2).

For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court has reviewed *de novo* those portions of Judge Sullivan's Findings and Recommendation to which Nguyen objected, as well as Nguyen's objections, Nooth's response to those objections, the underlying briefing and Petition, and the record of the state court proceedings. The Court agrees with Judge Sullivan's conclusions and ADOPTS the Findings and Recommendation, as supplemented below.

Nguyen's second ground for relief states that his trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to provide proper notice of a speedy trial request to the prosecution. Nguyen's trial counsel had included a speedy trial request in the back of a discovery request. Nguyen's trial counsel subsequently filed a motion to dismiss for the state's alleged failure to comply with the speedy trial request. The trial court judge denied Nguyen's motion to dismiss on two grounds: (1) defense counsel failed to provide the prosecution with adequate notice of the speedy trial request because the request was attached to other documents; and (2) the speedy trial request failed to state the name of the institution housing petitioner as required by ORS § 135.760.[1]

---

[1] The Findings and Recommendation states that the trial court judge denied the motion solely on the second ground. The trial court judge, however, denied the motion because "the notice is not clear on its face *and* . . . it does not state that the defendant is in the custody of the Department of Corrections or clarify a correctional facility of the Department of Corrections where he is being housed." Audio recording of trial court proceedings, see Dkt. 20.

PAGE 3 – OPINION AND ORDER

Nguyen raised his ineffective assistance of counsel claim through a post-conviction relief petition in the Umatilla County Circuit Court. The post-conviction relief court denied the petition, finding that trial counsel provided Nguyen with vigorous representation and that Nguyen failed to prove any prejudice resulting from the alleged errors.

Nguyen pled guilty to two counts of first degree robbery. In order to satisfy *Strickland*'s prejudice prong in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In Nguyen's Petition currently before the Court, he provides no evidence or argument that he would not have pled guilty had his trial counsel properly presented the speedy trial request. Thus, he has not satisfied the prejudice prong of the *Strickland* test. The post-conviction relief court's decision rejecting petitioner's ineffective assistance of counsel claim is neither contrary to nor an unreasonable application of *Strickland*.

Accordingly, the Court ADOPTS Judge Sullivan's Findings and Recommendation (Dkt. 52), as supplemented herein. For the reasons set forth in Judge Sullivan's Findings and Recommendation, and supplemented above, Petitioner's petition for habeas corpus (Dkt. 1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 29th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER